## GENTRY *v.* GRAND VIEW MINING & SMELTING CO.*

*(Circuit Court, E. D. Missouri.* October 30, 1882.)

1. CODE PLEADING—COUNTER-CLAIM—REV. ST. MO. § 3522.

Under the Missouri practice act, the defendant in an action for a tort cannot, as assignee, set up as a counter-claim an unliquidated demand against the plaintiff arising on contract, and unconnected with the cause of action set forth in the petition.

Demurrer to Amended Answer.   For report of opinion in original answer see *ante,* 544.

This suit was brought to recover damages for the alleged unlawful taking, converting, and disposing, by the defendant, of certain ores, to the immediate possession of which the plaintiff was entitled.   The defendant, in its amended answer, admitted that it was a corporation, denied the other allegations in plaintiff's petition, and alleged that the plaintiff was the superintendent in Colorado of the affairs of the Grand View Mining Company, a corporation organized under the laws of New York, from its organization until about the fifteenth day of July, 1880; that during the time he was such superintendent he received and had charge of moneys belonging to said company, which he promised to pay to it upon demand; that he misappropriated and converted to his own use before the first day of August, 1881, a large portion of such moneys, to-wit, $7,511.11, whereby he became indebted to the said company in that sum; and that on the twenty-ninth day of August, 1881, the Grand View Mining Company, for a valuable consideration, assigned and transferred to the defendant their cause of action and counter-claim heretofore described against the plaintiff, wherefore the defendant prayed judgment for the amount of the claim so assigned, with interest.   The plaintiff demurs to the counter-claim set up in the amended answer, on the ground that "the said cause of action set up in said counter-claim does not arise out of the transaction set forth in plaintiff's petition as the foundation of plaintiff's claim, nor is it connected with the subject of the action, and plaintiff's action does not arise on contract."

The Revised Statutes of Missouri (section 3522) contain the following provisions, viz.:

" The counter-claim  *  *  *  must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: *First,*

*Reported by B. F. Rex, Esq., of the St. Louis bar.

a cause of action arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action; *second*, in an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action. The defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. They must each be separately stated, in such a manner that they may be intelligibly distinguished, and refer to the cause of action which they are intended to answer. "

*Overall & Judson,* for plaintiff.

*Dyer, Lee & Ellis,* for defendant.

TREAT, D. J. Only one question is presented, viz.: Whether, under the practice act of Missouri, a defendant can, as an assignee of a demand arising on contract unliquidated, counter-claim the same, and thus compel an investigation of demands not connected with plaintiff's cause of action. The Missouri statute is not broad enough to admit such a counter-claim; otherwise any defendant might by assignments, irrespective of the solvency of the parties, draw to the court not only the determination of the plaintiff's cause of action, but of an indefinite number of other causes of action, independent of plaintiff's demand, though assignments of such other demands.

The demurrer to amended counter-claim is sustained.